CONTINENTAL TRAILWAYS, INC., PLAINTIFF-RESPONDENT-
CROSS-APPELLANT, v. DIRECTOR, DIVISION OF MOTOR
VEHICLES, DEFENDANT-APPELLANT-CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1984—Decided January 2, 1985.

Before Judges MATTHEWS, FURMAN and COHEN.

*Martin L. Wheelwright,* Deputy Attorney General, argued the cause for appellant-cross-respondent (*Irwin I. Kimmelman,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

*Joseph T. Wilkins,* argued the cause for respondent, cross-appellant.

The opinion of the court was delivered by

FURMAN, J.A.D.

The State appeals from a judgment of the Tax Court reported at 6 *N.J.Tax* 42 (1983), which struck down as unconstitutional the bus excise tax imposed by *N.J.S.A.* 48:4–20, as amended by *L.*1972, *c.* 211. In a comprehensive opinion Judge Rimm concluded that the tax unconstitutionally burdens interstate com-

merce in violation of the Commerce Clause, *U.S. Const.*, Art. I, § 8, cl. 3, because regularly scheduled intrastate passenger service is exempt from it. We affirm that holding substantially for the reasons stated by Judge Rimm in his reported opinion.

We add the following. Before us the State argues that the bus excise tax statute does not unconstitutionally burden interstate bus service, absent direct competition between interstate and intrastate bus service. The incidence of the tax is upon mileage travelled in New Jersey with the point of departure or the point of destination or both outside New Jersey. Mileage travelled in regularly scheduled bus service from a point in New Jersey to another point in New Jersey is statutorily exempt because it is under the operating authority of the Board of Public Utility Commission, *N.J.S.A.* 48:4–3, whether or not part of an interstate bus trip. According to the State, interstate and intrastate bus service do not compete, the tax exemption equally favors regularly scheduled interstate and intrastate bus service between points in New Jersey and the imposition of the tax upon exclusively interstate bus service is not discriminatory or an undue burden upon interstate commerce.

That argument is specious. We note initially that intrastate and interstate passenger bus services are inherently non-competitive; a passenger chooses one or the other in accordance with his destination, inside or outside New Jersey. On the merits, the State's argument overlooks the purpose of the bus excise tax, which is to impose a fair share contribution of one-half cent per mile towards highway repair and maintenance, *see Safeway Trails, Inc. v. Furman,* 41 *N.J.* 467, 487 (1964), app. dism. and *cert.* den., 379 *U.S.* 14, 85 *S.Ct.* 144, 13 *L.Ed.*2d 84 (1964). Interstate and intrastate bus carriers both benefit from the privilege of New Jersey highway use. Interstate commerce may be taxed its fair share of highway repair and maintenance, because it enjoys that privilege, but not more, *Capitol Greyhound Lines v. Brice,* 339 *U.S.* 542, 543–544, 546–547, 70 *S.Ct.* 806, 807–808, 808–809, 94 *L.Ed.* 1053 (1950). The

incidence of the bus excise tax upon interstate bus travel only and exempting intrastate bus travel, other than charter trips, is patently not a fair share and is unjustified under decisional law authority or as the implementation of a legislative policy to subsidize indirectly New Jersey bus companies.

In *Safeway Trails,* the bus excise tax was upheld against a Commerce Clause challenge only because intrastate bus carriers paid a gross receipts tax imposed by *N.J.S.A.* 48:4–14, subsequently repealed in 1972, approximately equivalent to the bus excise tax. The Supreme Court by necessary implication ruled out as unconstitutional any scheme of excise taxation for highway use falling exclusively on interstate bus travel and exempting intrastate bus travel. The opinion by Justice Proctor states at 41 *N.J.* at 490–491:

> In the absence of evidence that the tax on interstate carriers results in a heavier financial burden than the tax imposed on intrastate carriers, it cannot be said that the tax levied on interstate carriers is discriminatory merely because it differs in form or adopts a different measure or method of assessment.
>
> .    .    .    .    .    .    .    .
>
> Since intrastate carriers are taxed under *N.J.S.A.* 48:4–14 for the use of highways, and since the interstate operator does not pay this tax unless he elects to do a concurrent intrastate business, and in the absence of proof that in actual practice the tax imposed on the plaintiffs is more burdensome than that imposed on intrastate carriers, we conclude that *N.J.S.A.* 48:4–20 does not discriminate against interstate autobus operators in favor intrastate autobus operators.

██ Judge Rimm in his judgment below ordered a refund to plaintiff of taxes paid by it under *N.J.S.A.* 48:4–20 from November 1977 to June 1979, when it withheld further payment, except for taxes paid for mileage on charter trips for which no exemption was claimed. He also awarded post-judgment interest at 12%.

At oral argument before us plaintiff advised that it would not oppose a credit against future taxes rather than a lump sum refund and that an agreement for such credit could be reached between it and the State.

Accordingly, we vacate the provisions of the judgment below ordering a refund of overpaid taxes from November 1977 to June 1979 and awarding post-judgment interest on the refund. We remand for resolution between the parties of the method and terms governing credit to plaintiff for overpaid taxes from November 1977 to June 1979. We otherwise affirm. We retain jurisdiction.